IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OCTAVIANO MARTINEZ DE LA ROSA | : | CIVIL ACTION |
| | : | |
| | : | No. 26-4026 |
| v. | : | |
| | : | |
| J.L. JAMISON et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                 **June 16, 2026**

Petitioner Octaviano Martinez de la Rosa brings this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security

(DHS).  He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)

is unlawful.  Because § 1225(b)(2) does not apply to noncitizens like Martinez de la Rosa who

have resided within the United States for years, the Court will grant his petition.

## BACKGROUND

Octaviano Martinez de la Rosa is a 26-year old citizen of Mexico who entered the United

States without inspection in 2019.  Pet. ¶¶ 1, 17, Dkt. No. 1.  Since he arrived, Martinez de la Rosa

has established a life in Lansdowne, PA, working a construction job and living with his brothers

*Id.* ¶ 19.  On June 6, 2026,  DHS officials stopped, arrested, and detained Martinez de la Rosa and

his brothers while they were going to work.  *Id.* ¶ 20; Gov't Opp'n 3, Dkt. No. 5.  DHS then

transferred him to the Federal Detention Center in Philadelphia and then to Moshannon Valley

Processing Center.[1]  Pet. ¶ 20.  He filed this petition on June 11, 2026.

---

[1]    On June 12, 2026, the Court enjoined the removal of Martinez de la Rosa from the Eastern District of Pennsylvania.  Dkt. No. 2.  Despite this order, DHS transferred Martinez de la Rosa outside of the district to Moshannon Valley Processing Center.  Gov't Opp'n 4 & n.4.  The Government represents this transfer occurred prior to the issuance of the Court's injunction.  *Id.* n.4.  The Court will accept the Government's representations and not take any further action absent any contrary information.

The Government contends Mr. Martinez de la Rosa is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't Opp'n 4-8.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. Gov't Opp'n 7.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-*

*Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  The Second, Sixth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-76 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[2]

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Lopez-Campos*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Martinez de la Rosa] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8.  Martinez de la Rosa's present detention did not occur at or near the border or during an ongoing inspection process.  He entered the United States in 2019, lived here for over seven years, and was arrested by ICE in the interior in June 2026.  On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A).  Because the Government offers no basis

---

[2]    The Third Circuit heard oral argument on claims related to this issue on May 11, 2026. *See* Gov't Opp'n 5 n.6.

for Martinez de la Rosa's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release.  An appropriate Order follows.


BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.